# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BENNIE ELLISON | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 17 C 638 |
| | ) | |
| STEPHANIE DORETHY. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Bennie Ellison's (Ellison) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

## BACKGROUND

Ellison was convicted in two state court criminal actions, No. 09 CR 6863 and 09 CR 6542. In 09 CR 6863, Ellison was convicted of possession of narcotics with the intent to deliver and sentenced to a ten-year term of imprisonment. Ellison appealed that decision, was re-sentenced, and received a six-year term of imprisonment. On July 27, 2016, Ellison filed a petition for post-conviction relief in the trial court. On September 19, 2016, the trial court denied Ellison's petition for relief. Ellison did not appeal or attempt to appeal the trial court's order. In 09 CR

1

6542, Ellison plead guilty to being an armed habitual criminal and was sentenced to a six-year term of imprisonment.  Ellison appealed and the state appellate court dismissed the appeal for lack of jurisdiction.  On June 30, 2016, Ellison filed a post-conviction petition in the trial court.  On July 11, 2016, the trial court dismissed Ellison's petition for post-conviction relief.  Ellison did not file a petition for leave to appeal (PLA) with the Illinois Supreme Court.  The matter is currently pending in state appellate court where briefing is ongoing.  On January 24, 2017, Ellison filed the instant petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S.

685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

# DISCUSSION

This court has liberally construed Ellison's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Ellison asserts in the Petition that his appellate counsel was ineffective because counsel "concealed" documents in Ellison's appeals from state court convictions.

## I. Procedurally Defaulted Claims

Respondent argues that Ellison's claims are procedurally defaulted and there is no justification to excuse the default.

### A. Procedural Default

Respondent contends that Ellison failed to raise his claim through one

complete round of the state court appellate review process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

In both cases, Ellison failed to raise his habeas claims through one complete round of state court review. Ellison did not present this claim alleging that his counsel concealed portions of the record on direct appeal. (R Ex. I). Nor did Ellison present the claim in his post-conviction petition or subsequent appeal. (R Ex. I).

Therefore, Ellison's claims are procedurally defaulted. The court also notes that even if Ellison's claim was not procedurally defaulted, the claim lacks any merit. *See Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))(explaining elements for an ineffective assistance of counsel claim and stating that a "movant must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). The record reflects that the State presented ample evidence upon which Ellison could be found guilty beyond a reasonable doubt.

### B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Ellison's claims. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Ellison has not provided facts showing that he was prevented from properly presenting his claims in the state system in order to avoid the procedural default. Ellison has not shown cause and prejudice. Nor has Ellison shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

## II. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Ellison has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Ellison shown that reasonable jurists

could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Ellison decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   June 27, 2017